# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20365
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENYS RAMIREZ-PADILLA, also known as Denys Iban Ramirez Padilla, also known as Ramiro Bruno, also known as Melvin Ramirez, true name, Melvin Tarik Ramirez-Padilla,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-97

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Denys Ramirez-Padilla (Ramirez) pleaded guilty to being an alien unlawfully found in the United States after a previous deportation in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to 57 months of imprisonment and a two-year term of supervised release. On appeal, Ramirez argues that the district court imposed a sentence in violation of the Sixth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20365

Amendment because it was based upon a judge-found fact not admitted by him or proved to the jury beyond a reasonable doubt.  Specifically, he challenges the district court's determination that he reentered the United States in 2008 while still under a criminal justice sentence, in spite of his contention that he reentered the country in 2011.  Ramirez explains that this determination resulted in the addition of two points to his criminal history score, and thus, a higher advisory guidelines sentencing range.  Ramirez relies on Justice Scalia's statement in a concurring opinion in *Rita v. United States*, 551 U.S. 338, 372-75 (2007), for the assertion that sentences within the statutory maximum term of imprisonment would violate the Sixth Amendment if they would be unreasonable but for the consideration of a fact found by the sentencing judge and not by the jury.  He notes that the reasonableness of the 57-month sentence was based solely on the district court's determination that Ramirez had not been truthful about his reentry date.  However, Ramirez has filed a motion for summary disposition, conceding that his as-applied Sixth Amendment challenge to the reasonableness of his sentence is foreclosed by this court's decision in *United States v. Hernandez*, 633 F.3d 370, 374 (5th Cir. 2011).

As he concedes, Ramirez is correct that his as-applied Sixth Amendment challenge is foreclosed by *Hernandez*, 633 F.3d at 374.  In *Hernandez*, we held that a sentence within the statutory maximum that is based upon judge-found facts does not violate the Sixth Amendment.  *Id.*  Accordingly, Ramirez's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.